IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD E. SCHNIEDER,

   Plaintiff,

v.

PRIMECARE MEDICAL INC., et al.,

   Defendants.

Civil Action: BAH-22-2893

## MEMORANDUM OPINION

On November 7, 2022, self-represented plaintiff Harold E. Schnieder ("Schnieder") filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging inadequate medical care against defendant PrimeCare Medical Inc. ("PrimeCare") and individual defendants "Med-Tech Richardson" and "Med-Tech Lucus." ECF 1. Counsel appeared on behalf of defendant PrimeCare on November 30, 2023. ECF 21. However, counsel advised that they were unable to identify and accept service for Med-Tech Richardson and Med-Tech Lucus. ECF 22. Accordingly, the Court directed Primecare to provide Schnieder with a copy of his October 2022 medical records so he could identify the individual defendants. ECF 26. The Court directed Schnieder to file a supplemental complaint to include the names of the individual defendants and his claims against them. *Id.*. Primecare's counsel filed a status report on February 6, 2024, certifying that a copy of the medical records had been hand-delivered to Schnieder at Central Maryland Correctional Facility. ECF 27. On February 23, 2024, the Court received correspondence from Schnieder stating that he was entering a ninety-day residential substance abuse treatment program, and he would be temporarily unable to participate in his case. ECF 28. Schnieder did not mention whether he had received the PrimeCare medical records in the correspondence. *Id*.

On February 28, 2024, PrimeCare filed a motion to dismiss. ECF 29. The Court advised Schnieder of his right to respond to the motion pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF 30. On March 22, 2024, Schnieder filed correspondence including affidavits from his cellmates regarding the inadequate medical care and records of his medications. ECF 31 (Plaintiff's correspondence). However, Schnieder did not mention review of the medical records nor did he supplement his complaint as directed. *Id.*

No hearing is necessary to resolve the pending motion. *See* Local Rule 105.6 (D. Md. 2023). For the reasons stated below, defendant PrimeCare's motion to dismiss is granted. Schnieder will, however, be provided a final opportunity to supplement his complaint as to any remaining defendants and to update his claims against them. He will be required to file the directed supplement within the time provided or risk dismissal of the complaint.

I.  BACKGROUND

A. Schnieder's Allegations

In his verified complaint, Schnieder alleges that on October 12, 2022, between approximately 11 and 11:30 p.m., defendant Med-Tech Lucus gave Schnieder his medication. ECF 1, at 10 ¶ 8. Schnieder states that he "looked at [the pills] and told Lucus 'I think you made a mistake,'" and that he had never been given three orange pills of that size before. *Id.* Lucus told Schnieder that it was the correct medication. *Id.* Schnieder alleges that Med-Tech Richardson was supervising Lucus, and that Schnieder accepted the pills because Richardson confirmed they were correct even though Lucus was unable to verify the medication amount because "she didn't have her computer . . . like she is suppose[d] to have with her to check any discrepancy[.]" *Id.* ¶ 10. Schnieder alleges that at 3:45 a.m. on October 13, 2022, his morning medication came, and he noticed that he felt so sleepy and dizzy that "he could hardly walk." *Id.* ¶ 11. Later, Schnieder

had his blood pressure checked and was rushed to medical. *Id*. ¶¶ 11–12. He alleges that PrimeCare "has a lack of supervision for new med-techs" and that PrimeCare "failed to check medication after [he] made known that medication didn't look right." *Id*. ¶ 13. Schnieder claims that he felt "sick, weak, and tired for days after the affair" and that his "blood pressure was at a very unsafe level." *Id*. at 11 ¶¶ 13–14. Schnieder seeks monetary damages. *Id*. at 11–12 ¶¶ 18–21.

### B.  PrimeCare's Motion to Dismiss

Defendant PrimeCare moves to dismiss Schnieder's complaint for failure to state a claim. ECF 29-1, at 1. PrimeCare argues that Schnieder's federal claims pursuant to 42 U.S.C. § 1983 must be dismissed because Schnieder did not sufficiently allege that PrimeCare has a policy or custom which caused a violation of his rights. ECF 29-1, at 2. PrimeCare further argues that Schnieder's state medical negligence claims must be dismissed because the claims failed to comply with Maryland's Health Care Malpractice Claims Act. *Id*. at 6.

## II.  STANDARD OF REVIEW

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor

of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted).

The Court is mindful that Schnieder is a self-represented litigant. A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean a court can ignore a clear failure in the pleadings to allege facts which set forth a claim. *See Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir.1990).

### III. DISCUSSION

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *See Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)); *see also Anderson v. Kingsley*, 877 F.3d 539, 543 (4th Cir. 2017). To state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants, or their failure to act, amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Anderson*, 877 F.3d at 543.

PrimeCare asserts that it is entitled to dismissal because Schnieder fails to allege that any PrimeCare policy, practice, or custom led to a violation of his Eighth Amendment rights. ECF 29-1, at 5. Rather, he solely claims that PrimeCare is liable due to the acts of their employees. *Id*. The doctrine of respondeat superior does not apply to claims asserting constitutional deprivations

4

pursuant to 42 U.S.C. § 1983. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). As in this case, a private corporation that steps into the shoes of a state actor cannot be held liable for a § 1983 claim solely upon a theory of respondeat superior. *See Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 727–28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.*, 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Pub. Safety and Corr. Servs.*, 316 F. App'x 279, 282 (4th Cir. 2009). Instead, liability to a private entity in such cases attaches only when a constitutional deprivation results from the entity having implemented an unconstitutional policy, custom, or practice. *See Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978); *Hendrick v. Wexford Health Sources, Inc.*, 141 F. Supp. 3d 393, 401 (D. Md. 2015). Therefore, to proceed against PrimeCare, Schnieder must identify some evidence that he received inadequate medical treatment pursuant to a policy, custom, or practice and that the policy or custom proximately caused a violation of his constitutional rights. *See Monell*, 436 U.S. at 690; *Jordan ex rel. Jordan v. Jackson*, 15 F.3d 333, 338 (4th Cir. 1994).

Schnieder alleges that "PrimeCare has a lack of supervision for new med-techs," and that PrimeCare violated his rights by "failing to correct misconduct and encouraging the continuation of the misconduct." ECF 1, at 10–11. Construed liberally, these statements could be read to allege that PrimeCare has a policy or custom of failing to supervise its employees. However, this allegation is conclusory and is not supported by any allegations of fact. Schnieder alleges that he was given the wrong pills on one occasion and that the person who gave him the incorrect pills was not being properly supervised on that one occasion. But there are no facts that suggest the lack of supervision on that single occasion was a result of any PrimeCare policy or custom. As

Schnieder has failed to allege facts showing that PrimeCare violated his constitutional rights, PrimeCare's motion to dismiss will be granted.[1]

IV.     CONCLUSION

For the foregoing reasons, defendant PrimeCare's motion to dismiss is granted. The complaint is dismissed as to PrimeCare, Inc. Schnieder shall be required to supplement the complaint with the accurate names of the remaining defendants as well as his specific claims against each individual defendant within 28 days. The failure to file the supplemental complaint as directed within the time provided may result in dismissal without further notice from the Court.

A separate order follows.

Dated: 9/19/2024                                             /s/
                                                 Brendan A. Hurson
                                                 United States District Judge

---

[1] "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726–727 (1966). As such, Schnieder's state claims for medical negligence will be dismissed without prejudice.